UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
JOHN F. CARROLL,

                Plaintiff,

     -against-

THE CITY OF NEW YORK and POLICE
SUPERVISORS, DETECTIVES and
OFFICERS, JOSEPH DeMICHELE,
PHILLIP SPINELLA, MICHAEL
OLIVER, RICHARD TURK,
ALEJANDER RIVERA, MICHAEL
GUZZINO, JOHN DOES 1-15,

                Defendants.
------------------------------------------------------X

Case No. 05 cv 9284

Judge Hellerstein

FIRST AMENDED COMPLAINT

TRIAL JURY DEMANDED

RECEIVED
DEC 07 2006
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, JOHN F. CARROLL, by his attorney, James P. Lundy of Wilentz, Goldman & Spitzer, P.A., 88 Pine Street, New York, New York, for his complaint alleges, upon information and belief, as follows:

## NATURE OF ACTION

    1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights under the constitution and laws of the United States and the State of New York, including false arrest, false imprisonment, malicious prosecution, and an illegal search by employees of the New York City Police Department ("NYPD").

#2822259 (144453.001)

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## PENDENT JURISDICTION

5. This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On January 24, 2005, within ninety (90) days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty (30) days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## JURY DEMAND

9. Plaintiff demands trial by jury in this action.

#2822259 (144453.001)

## PARTIES

10. Plaintiff JOHN F. CARROLL is citizen of the United States and a Resident of the State of New Jersey.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually name's defendants herein.

12. Defendant Joseph DeMichele was and/or is a Detective with the City of New York Police Department, is currently assigned to Manhattan South Narcotics Division, was an arresting officer of Plaintiff and a member of field team conducting narcotics operation at 533 9th Avenue, New York, New York on November 2004.

13. Defendant Phillip Spinella was and/or is Lieutenant with the City of New York Police Department, is currently assigned to supervisory detail at the Manhattan South Narcotics Division and was present for narcotics operation at 533 9th Avenue, New York, New York on November 4, 2004.

14. Defendant Kevin Smith was and/or is a Sergeant with the City of New York Police Department and was a member of the field team conducting narcotics operation at 533 9th Avenue, New York, New York on November 4, 2004.

15. Defendant Michael Oliver was and/or is a Detective with the City of New York Police department, is currently assigned to Manhattan South Narcotics

#2822259 (144453.001)

Case 1:05-cv-09284-AKH   Document 26   Filed 12/07/06   Page 4 of 9

Division and was member of the field team conducting narcotics operation at 533 9th Avenue, New York, New York on November 4, 2004.

16. Defendant Richard Turk was and/or is a Detective with the City of New York Police Department, is currently assigned to Manhattan South Narcotics Division, and was an investigator of narcotics transactions and a member of field team conducting narcotics operation a t 533 9th Avenue, New York, New York on November 4, 2004.

17. Defendant Alejander Rivera was and/or is a police officer with the City of New York Police Department, is currently assigned to Manhattan South Narcotics Division, and a member of field team conducting narcotics operation at 533 9th Avenue, New York, New York on November 4, 2004.

18. Defendant Michael Guzzino was and/or is a police officer with the City of New York Police Department, is currently assigned to Manhattan South Narcotics Division and a member of field team conducting operation at 533 9th Avenue, New York, New York on November 4, 2004.

19. At all times relevant herein, defendants John Does 1-15 were supervisory officers, detectives and/or police officers employed by the NYPD.

20. Plaintiff does not know the correct names, shields, or Tax Ids of John Does 1-15 at this time. He also does not know their commands, but has reason to believe that they were from a narcotics unit affiliated with Midtown South.

21. At all times relevant herein, defendants John Does 1-15 were acting as agents, servants and employees of defendant City of New York and the NYPD.

#2822259 (144453.001)                              4

22. At all times relevant herein, all defendants were all acting under color of state law.

## FACTS

23. On Thursday, November 4, 2004, at approximately 7:30 p.m., plaintiff was in a restaurant and bar located at 40th Street and 9th Avenue in Manhattan, across from the Port Authority Bus Terminal.

24. Mr. Carroll had completed his work for the day as a union carpenter, and was waiting for his wife to finish work before they both traveled to their home in Keyport, New Jersey.

25. At approximately 7:30 p.m. on November 4, 2004, approximately 15 supervisors, detectives and/or police officers of the New York City Police Department (NYPD) consisting of defendants Joseph DeMichele, Phillip Spinella, Michael Oliver, Richard Turk, Alejander Rivera, Michael Guzzino and John Does 1-15, burst into the establishment and began searching the patrons for drugs.

26. Mr. Carroll was in the backyard of the establishment at the time, smoking a cigarette. He entered the bar through the kitchen where he was forcibly thrown against the wall and his wallet and cigarettes removed from his pockets, and he was patted down and searched.

27. The police found no drugs on Mr. Carroll's person.

28. Nonetheless, Mr. Carroll was arrested, handcuffed and taken to the 10th Precinct stationhouse of the NYPD. Mr. Carroll immediately felt pain in his wrists and requested that the handcuffs be loosened. These repeated requests were denied.

#2822259 (144453.001)                    5

29. At the 10th Precinct, plaintiff was not told what he was being charged with, was not read his rights, and was not allowed to make a telephone call.

30. Mr. Carroll was confined to a holding cell at the Precinct for several hours.

31. He was confined with approximately a dozen other arrestees in a tiny holding cell with insufficient space for the arrestees to sit or lie down on the floor.

32. Plaintiff was transported in handcuffs and shackles to Belleview Hospital. After the medical evaluation for the injuries to his wrists, he was transported in handcuffs and shackles back to the precinct.

33. On November 5, 2004, plaintiff was transported to Manhattan Central Booking. He languished there all day Friday and into the early morning hours of Saturday, November 6, 2004.

34. On November 6, 2004, Mr. Carroll was simply released. He had not been brought before a judge nor shown any charges against him.

35. Plaintiff believes that most of the approximately nine persons arrested in the restaurant (out of approximately thirty patrons there at the time of the raid) were chosen at random. It is his recollection that only two patrons were actually found to be in possession of drugs.

36. Altogether, plaintiff spent two days in custody without any justification.

### FIRST COUNT

37. Plaintiff repeats the previous allegations as if set forth at length herein.

#2822259 (144453.001)

38. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

## SECOND COUNT

39. Plaintiffs repeat the allegations of the prior counts as if set forth at length herein.

40. Upon information and belief, the acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police supervisors, detectives and officers.

41. Upon information and belief, the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police supervisors, detectives and officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

42. The official policies, practices and customs of the City of New York and the NYPD, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

## THIRD COUNT

43. Plaintiffs repeat the allegations of the prior counts as if set forth at length herein.

44.   The conduct toward John Carroll alleged herein constituted false arrest, false imprisonment, malicious prosecution, illegal search, the intentional, willful and malicious infliction of severe physical, mental and emotional distress, and employee negligence.

45.   The conduct toward John Carroll alleged herein subjected him to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering, and loss of employment.

## FOURTH COUNT

46.   Plaintiffs repeat the allegations of the prior counts as if set forth at length herein.

47.   At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 8, 11 and 12 of the Constitution of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against defendants as follows:

(a)   compensatory damages in the amount of $1,000,000 against all defendants, jointly and severally;

(b)   Punitive damages in the amount of $1,000,000 against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and,

(d) Such other and further relief as this Court deems just and proper.

Dated: December 7, 2006                WILENTZ, GOLDMAN & SPITZER, P.A.

                                       By: _____
                                           JAMES P. LUNDY, ESQ.